UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| JOHN DUSTIN LAUING, BERNARD LAUING, EUGENIE LAUING,<br><br>Plaintiffs,<br><br>vs.<br><br>RAPID CITY, PIERRE AND EASTERN RAILROAD, INC., A SUBSIDIARY OF GENESEE & WYOMING, INC., A CONNECTICUT CORPORATION;<br><br>Defendant. | 3:19-CV-03006-RAL<br><br>ORDER DIRECTING DEFENDANT TO WITHDRAW JURISDICTIONAL DEFENSE OR FILE MOTION TO DISMISS |

Federal courts are courts of limited jurisdiction and have the obligation sua sponte to evaluate whether federal jurisdiction exists. Thomas v. Basham, 931 F.2d 521, 522–23 (8th Cir. 1991). During its work on the pending motions, this Court has encountered a question of whether there is complete diversity of citizenship here.

The Plaintiffs, who are South Dakota Residents, brought this case against Rapid City, Pierre & Eastern Railroad, Inc. (RCPE) based on diversity jurisdiction. RCPE admitted in its answer that it is headquartered in Rapid City, South Dakota, and that it is a Delaware corporation. Doc. 4 at ¶ 4. RCPE's corporate disclosure statement says that it is a wholly owned subsidiary of Genesee & Wyoming, Inc. Doc. 6. As one of its affirmative defenses, RCPE alleged that this Court lacks subject matter jurisdiction because the parties are not completely diverse. Doc. 4 at 2.

1

RCPE did not argue that this Court lacks jurisdiction in any of its other filings and has not moved to dismiss.

Federal diversity jurisdiction requires complete diversity of citizenship among the parties. OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." Id. Under the diversity statute, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The Supreme Court interpreted the phrase "principal place of business" as "referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities," that is, the corporation's "'nerve center.'" Hertz Corp. v. Friend, 559 U.S. 77, 92–93 (2010). A corporation's nerve center "should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination." Id. at 93.

The record shows that RCPE is headquartered in Rapid City, but there is nothing about whether Rapid City is the "nerve center" of RCPE. Based on the Foreign Business Corporation filing that RCPE made with the Secretary of State for South Dakota, it appears that RCPE's officers are not located in South Dakota.

RCPE's status as a wholly owned subsidiary of Genesee & Wyoming, Inc. adds another wrinkle to this case. In cases like this one, where the subsidiary is separately incorporated, the "general rule applied by the federal courts . . . is that a subsidiary corporation has its own principal place of business for purposes of diversity of citizenship jurisdiction, unless it is merely an 'alter ego' or agent of the parent corporation." 13F Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3625 (April 2022 update) (footnote omitted). There is, of course, no

information in the record concerning how much control Genesee & Wyoming exercises over RCPE.

Because there exists uncertainty in the record on whether there is complete diversity of citizenship here, it is

ORDERED that Defendant has 21 days from the date of this order to file either a motion to dismiss for lack of complete diversity of citizenship or a statement withdrawing its affirmative defense of lack of subject matter jurisdiction together with a statement that RCPE's "nerve center" is not within South Dakota. It is further

ORDERED that if Defendant moves to dismiss, Plaintiffs have 21 days to respond and Defendant then has 14 days to reply.

DATED this 21st day of April, 2022.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE